**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Avrumi Lubin, pro se<br>Defendant, individually<br>605 West 42nd Street<br>New York, New York 10036<br>(718) 570-3796<br>josh@tetonfunding.com | Case No.: 26-17342 (EJO)<br>Chapter: 11<br>Adv. Pro. No.: 26-01435 (EJO)<br>Hearing Date: December 3, 2026, at 10:00 a.m.<br>Judge: Hon. Eamonn J. O'Hagan |
| In re:<br>AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor. | |
| NICOLE TESTA MEHDIPOUR, as Chapter 7 Trustee of Excell Auto Group, Inc., *Plaintiff*,<br>v. AVRUMI LUBIN, *Defendant*. | Adv. Pro. No. 26-01435 (EJO) |

# CERTIFICATION OF AVRUMI LUBIN IN SUPPORT OF SUPPLEMENTAL MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

I, Avrumi Lubin, certify as follows:

1. I am the defendant in this adversary proceeding and the debtor in Chapter 11 Case No. 26-17342. I represent only myself. I make this certification from personal knowledge and from the records cited below.

2. The summons, issued September 22, 2026, set my answer date as October 22, 2026. (ECF No. 2.) On October 19, 2026, before that date, I filed a motion to extend my time to respond through November 23, 2026. (ECF No. 3.) It is scheduled for hearing on November 12, 2026, at 10:00 a.m. I have not filed an answer.

3. Exhibit E-1 contains text exports, made from my email account, of the six emails about my extension request exchanged between me and Jason S. Rigoli, Esq., counsel for the plaintiff, from November 5 to November 10, 2026. Each export shows the top message only, as sent. Earlier quoted messages, signature graphics, confidentiality notices and blind-copy recipients are omitted. In summary:

   (a) On November 5, Mr. Rigoli wrote that the plaintiff "has no objection to your requested extension to respond to the complaint through November 23, 2026," and asked me to send a proposed agreed order in Word format.

   (b) On November 7, I asked whether he would agree to January 1, 2027. On November 9, I asked about January 4, 2027, because January 1 is a federal holiday, and

asked for the latest date he would accept.

(c) On November 9, he replied: "We cannot agree to any further extension. We do not have any objection to the original request giving you through and including November 23, 2026, to respond to the Complaint filed by the Excell Trustee in New Jersey."

(d) On November 10, at 10:13 a.m., I asked him to submit an agreed proposed order extending my deadline through November 23, 2026. At 10:04 p.m., I asked whether we could "do mid December."

As of the morning of November 11, 2026, I had not received a reply to either November 10 email, and I had not seen an agreed order entered on the docket. The plaintiff has not agreed to February 1, 2027.

4. I now ask for February 1, 2027, for the reasons below. I do not withdraw ECF No. 3.

5. The plaintiff's complaint describes her adversary proceeding against me in Florida, *Mehdipour v. Hi Bar Capital, LLC*, Adv. No. 23-01132-EPK (Bankr. S.D. Fla.), and the trial held there. (ECF No. 1 ¶¶ 6, 59.) Exhibit E-3 is the order entered there on October 8, 2026, on the plaintiff's own motion. (Adv. No. 23-01132-EPK, ECF No. 500.) It requires the plaintiff's replacement post-trial brief by January 4, 2027, my response brief by February 1, 2027, and her reply by March 1, 2027. (Ex. E-3 ¶ 2.) That briefing concerns transactions that her complaint here also describes. A February 1 response date here would let me answer with the benefit of her Florida brief and help avoid inconsistent positions on the same facts.

6. I also need time to sort out which potential claims arising from these transactions are mine personally, which belong to my bankruptcy estate, and which belong to a company, and who may prosecute each one. On October 23, 2026, this Court entered an order in Adv. No. 26-01494 that enjoins me "from taking actions in the name of the Subject Entities" and confirms "that the Trustee has the sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding the Subject Entities," subject to the proviso stated in that order. (Adv. No. 26-01494, ECF No. 21, at 5.) I dispute the scope and effect some parties assert for that order, but I do not ask this Court to disregard it, and I do not seek to act for any company.

7. Exhibit E-2 is a text export of my November 9, 2026 email to the Chapter 11 Trustee and his counsel, copied to the Office of the United States Trustee. It asks for a claim-specific written decision about potential claims involving Franklin, FVP, the Excell estate and its Trustee: who owns each claim; whether, how and by whom it will be pursued; and whether permission from the plaintiff's appointing court or other authorization is

required. I asked for a response by noon on November 13, 2026. That is the date I requested; it is not a court deadline.

8. Before any affirmative claim could be asserted against the plaintiff, or against professionals acting for her, for acts in her official capacity, permission from her appointing court—the United States Bankruptcy Court for the Southern District of Florida, in *In re Excell Auto Group, Inc.*, No. 22-12790-EPK—may be required. I have not sought that permission, and I do not ask this Court to grant it.

9. I represent myself and am seeking counsel. With the requested time I plan to identify, for each potential claim, the owner, the proposed defendant and capacity, the acts, the supporting records, the timing and the remedy; obtain the Trustee's position or ask this Court for directions; evaluate whether an application in Florida is needed and who should make it; and prepare my response, including any counterclaim that I am permitted to assert. I do not assume that all of this will be completed or granted by February 1, 2027.

10. If the Court denies my separate motion for a stay, I still ask for February 1, 2027, so that the response deadline is addressed expressly. If the Court sets an earlier date, I will comply with it.

11. I do not ask for a finding that any potential claim is valid or belongs to me, and I do not concede any allegation of the complaint.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on November 11, 2026.

______________________________

Avrumi Lubin, individually and pro se
605 West 42nd Street, New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com

**Exhibits to this Certification**

| Exhibit | Description | Pages |
|---|---|---|
| E-1 | Emails between Avrumi Lubin and Jason S. Rigoli, Esq., November 5–10, 2026 (six messages; text export, top message only) | 3 |
| E-2 | Email from Avrumi Lubin to the Chapter 11 Trustee and his counsel, copied to the Office of the United States Trustee, November 9, 2026 (text export, top message only) | 2 |
| E-3 | Order Granting Expedited Motion to Extend Time Under Order Requiring Replacement Post-Trial Briefs, *Mehdipour v. Hi Bar Capital, LLC*, Adv. No. 23-01132-EPK (Bankr. S.D. Fla.), ECF No. 500 (entered Oct. 8, 2026) | 3 |

## EXHIBIT E-1

Emails between Avrumi Lubin and Jason S. Rigoli, Esq., November 5–10, 2026 (six messages)

Lubin Certification - Supplemental Extension Motion (Adv. No. 26-01435)

*Text export of the original messages in Avrumi Lubin's email account (josh@tetonfunding.com). Each message is the top message only, reproduced as sent. Earlier quoted messages, signature graphics, confidentiality notices and blind-copy recipients are omitted. Times are Eastern.*

---

**From:** Jason S. Rigoli <Jason.Rigoli@gray-robinson.com>
**Sent:** Thursday, November 5, 2026, 1:21 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** Alan Crane <Alan.Crane@gray-robinson.com>; Gary Seitz <gseitz@gsbblaw.com>; Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>
**Subject:** FW: Ch- 26-01435-EJO Motion to Extend Time - Mehdipour

Josh-

Good afternoon. I am writing to let you know the Excell Trustee/Plaintiff has no objection to your requested extension to respond to the complaint through November 23, 2026. Can you send me a proposed agreed order in word format to review?

Thank you,

Jason Rigoli
561-405-4264 / Ext. 3815

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Saturday, November 7, 2026, 8:16 PM
**To:** Jason S. Rigoli <Jason.Rigoli@gray-robinson.com>
**Cc:** Alan Crane <Alan.Crane@gray-robinson.com>; Gary Seitz <gseitz@gsbblaw.com>; Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>
**Subject:** Re: Ch- 26-01435-EJO Motion to Extend Time - Mehdipour

Jason,

Would you agree to extend the deadline addressed in this motion to January 1, 2027? If so, please circulate a proposed stipulation for my review and submission to the Court.

Thank you,
Josh

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 9, 2026, 2:45 PM
**To:** Jason S. Rigoli <Jason.Rigoli@gray-robinson.com>
**Cc:** Alan Crane <Alan.Crane@gray-robinson.com>; Gary Seitz <gseitz@gsbblaw.com>; Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>
**Subject:** Re: Ch- 26-01435-EJO Motion to Extend Time - Mehdipour

Jason,

Following up on my November 7 email, would the Plaintiff consent to extending my deadline to answer or otherwise respond to the complaint through January 4, 2027? My earlier request specified

January 1, which is a federal holiday.

I remain unrepresented and need additional time to review the records, address overlapping issues in the related proceedings, coordinate with my Chapter 11 Trustee concerning claim ownership and authority, and seek counsel.

If agreeable, please have your office prepare a proposed agreed order for my review and, after I approve its wording, submit it to the New Jersey Bankruptcy Court.

Please respond before the November 12 extension hearing. If you cannot agree to January 4, please identify the latest date you would accept and confirm whether your existing nonopposition to November 23 remains unchanged.

This request concerns the response deadline only. I am not withdrawing my pending extension motion or waiving any defenses, claims or objections.

Thank you,
Josh

---

**From:** Jason S. Rigoli <Jason.Rigoli@gray-robinson.com>
**Sent:** Monday, November 9, 2026, 2:49 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** Alan Crane <Alan.Crane@gray-robinson.com>; Gary Seitz <gseitz@gsbblaw.com>; Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>
**Subject:** RE: Ch- 26-01435-EJO Motion to Extend Time - Mehdipour

Josh-

We cannot agree to any further extension. We do not have any objection to the original request giving you through and including November 23, 2026, to respond to the Complaint filed by the Excell Trustee in New Jersey.

Jason Rigoli
561-405-4264 / Ext. 3815

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Tuesday, November 10, 2026, 10:13 AM
**To:** Jason S. Rigoli <Jason.Rigoli@gray-robinson.com>
**Cc:** Alan Crane <Alan.Crane@gray-robinson.com>; Gary Seitz <gseitz@gsbblaw.com>; Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>
**Subject:** Re: Ch- 26-01435-EJO Motion to Extend Time - Mehdipour

Jason,

Thank you for confirming your non-objection. Please submit an agreed proposed order extending my deadline to answer or otherwise respond to the complaint through and including November 23, 2026. Please confirm submission and forward the entered order once available.

Josh

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Tuesday, November 10, 2026, 10:04 PM
**To:** Jason S. Rigoli <Jason.Rigoli@gray-robinson.com>
**Cc:** Alan Crane <Alan.Crane@gray-robinson.com>; Gary Seitz <gseitz@gsbblaw.com>; Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>

**Subject:** Re: Ch- 26-01435-EJO Motion to Extend Time - Mehdipour

Jason,

Can we do mid December? I have a lot going on need a few extra weeks.

## EXHIBIT E-2

Email from Avrumi Lubin, November 9, 2026, 2:11 PM

Lubin Certification - Supplemental Extension Motion (Adv. No. 26-01435)

*Text export of the original messages in Avrumi Lubin's email account (josh@tetonfunding.com). Each message is the top message only, reproduced as sent. Earlier quoted messages, signature graphics, confidentiality notices and blind-copy recipients are omitted. Times are Eastern.*

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 9, 2026, 2:11 PM
**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; rachel.wolf@usdoj.gov; kirsten.k.ardelean@usdoj.gov; heidi.a.feinman@usdoj.gov
**Subject:** Action requested by November 13 — preservation and prosecution of Franklin/FVP/Excell claims

Ben, Pat and Matt,

I request a claim-specific written decision concerning potential claims and disputed rights involving Franklin, FVP and the Excell Auto estate and its Trustee, including:

1. The effectiveness and scope of the November 2021 Franklin–Spin assignment, including its payment condition and the rights it describes.
2. Competing claims concerning the January 28, 2022 Spin–Hi Bar Common Interest and Joint Litigation Agreement, the March 17, 2025 assignment instrument, and related recoveries.
3. FVP's May 15, 2026 charging-order lien, including whether any avoidance or other estate remedy should be pursued.
4. The Excell Auto Trustee's asserted third-party-beneficiary position under the Franklin–Spin assignment and her asserted rights concerning the third Spin contract. Please identify precisely what rights she claims and the documents or rulings supporting that position, distinguishing claimed ownership from beneficiary or enforcement rights. Please evaluate the available defenses and any potential affirmative claims arising from that position.
5. Other potential claims arising from the transactions and conduct underlying the Franklin, FVP and Excell adversary complaints.

For each potential claim, please identify who you contend owns it and whether the Trustee will pursue it, through which counsel, in which proceeding, and on what timetable.

For any claim you contend belongs to my bankruptcy estate, please state whether you will:

- Prosecute it through the appropriate procedure;
- Consent to and support a court-approved arrangement allowing a properly authorized representative, through counsel, to prosecute it for the estate's benefit; or
- Decline, identifying the claim-specific, nonprivileged reasons and the proposed means of preventing its loss.

If you contend a claim belongs to Spin or another entity, please identify how company counsel can pursue it and whether you will support any necessary clarification or modification of the October orders. If a conflict prevents the Trustee or existing counsel from evaluating or pursuing a claim, please identify the proposed independent-counsel arrangement.

For any proposed affirmative claim against the Excell Auto Trustee, please separately evaluate whether permission from her appointing Florida bankruptcy court, stay relief, or other authorization is required. Please identify who would seek that relief and what protective measures are needed while authorization is pursued. This is separate from my right to defend against her complaint.

My current amendment-as-of-course periods end November 17 in the Franklin adversary, No. 26-01339, and November 19 in the FVP adversary, No. 26-01315. I am preparing extension requests, but additional amendment time would not itself resolve prosecution authority or every claim-preservation issue. Please also identify any necessary protective action in the Excell adversary, No. 26-01435.

Please respond by **noon Eastern on Friday, November 13**. Identify any earlier deadline or required protective action immediately. If additional investigation is needed, identify the remaining work, a definite decision date, and the interim protections. If these issues remain unresolved, I intend to seek appropriate court directions and authorization.

I write individually. This is not a request for permission to defend myself. Nothing here concedes claim ownership, alter-ego status, the effectiveness or scope of any assignment, or your interpretation of the October 15 or October 23 orders. Nor does this email constitute consent to any settlement, release, or transfer. I reserve my rights and objections without assuming that this email extends any deadline.

Josh Lubin

# EXHIBIT E-3

Order Granting Expedited Motion to Extend Time Under Order Requiring Replacement Post-Trial Briefs, *Mehdipour v. Hi Bar Capital, LLC,* Adv. No. 23-01132-EPK (Bankr. S.D. Fla.), ECF No. 500 (3 pages)

*to the Certification of Avrumi Lubin in Support of Supplemental Motion to Extend Time (Adv. No. 26-01435)*

**ORDERED in the Southern District of Florida on October 7, 2026.**

**Erik P. Kimball**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.

Case No.: 22-12790-EPK
Chapter 7

Debtor.
_________________________________/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

Plaintiff,

Adv. Pro. No. 23-01132-EPK

v.

HI BAR CAPITAL, LLC, *et al.*,

Defendant(s).
_________________________________/

**ORDER GRANTING EXPEDITED MOTION TO EXTEND TIME UNDER ORDER REQUIRING REPLACEMENT POST-TRIAL BRIEFS**

THIS PROCEEDING came before the Court without a hearing upon the *Expedited Motion to Extend Time Under Order Requiring Replacement Post-Trial Briefs* [Dkt. No. 499],

filed by the Plaintiff, Nicole Testa Mehdipour, Chapter 7 Trustee for Excell Auto Group, Inc. The Court has reviewed the Motion and the record in this proceeding and is otherwise fully advised. Accordingly, it is

**ORDERED that:**

1. The Motion is **GRANTED**.

2. The briefing deadlines in the *Order Requiring Replacement Post-Trial Briefs* [Dkt. No. 496] are modified as follows:

    a. Not later than January 4, 2027, the plaintiff must file a replacement post-trial primary brief not to exceed 200 pages in length excluding only the certificate of service.

    b. Not later than January 4, 2027, Franklin Capital Funding, LLC and Franklin Capital Group, LLC (together) may file a replacement post-trial primary brief not to exceed 20 pages in length excluding only the certificate of service. Because the plaintiff no longer seeks any relief against Franklin, the Court's ruling in this case will not be binding on Franklin in any regard and Franklin need not submit a brief.

    c. Not later than February 1, 2027, each of (i) Hi Bar Capital, LLC, Yisroel Herbst, and Mordechai Harbst (together); (ii) Spin Capital, LLC; and (iii) Avrumi Lubin, must file a replacement post-trial response brief not to exceed 100 pages in length excluding only the certificate of service.

    d. Not later than March 1, 2027, the plaintiff must and Franklin may file a post-trial reply brief not to exceed 25 pages in length excluding only the certificate of service.

3. Other than the modifications to the deadlines set forth above, the *Order Requiring Replacement Post-Trial Briefs* [Dkt. No. 496] remains in full force and effect and is incorporated by reference as though set forth herein.

###

**Submitted by:**
Jason S. Rigoli, Esq.
GRAY ROBINSON, P.A.
*Special Counsel for Chapter 7 Trustee*
2255 Glades Road, Suite 301E
Boca Raton, FL 33431
Tel: (561) 368-3808/ Fax: (561) 368-4008
Jason.Rigoli@gray-robinson.com

*Jason S. Rigoli is directed to serve copies of this order on all interested parties and file a certificate of service with the Court*