**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Avrumi Lubin, pro se<br>Defendant, individually<br>605 West 42nd Street<br>New York, New York 10036<br>(718) 570-3796<br>josh@tetonfunding.com | Case No.: 26-17342 (EJO)<br>Chapter: 11<br>Adv. Pro. No.: 26-01435 (EJO)<br>Hearing Date: December 3, 2026, at 10:00 a.m.<br>Judge: Hon. Eamonn J. O'Hagan |
| In re:<br>AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor. | |
| NICOLE TESTA MEHDIPOUR, as Chapter 7 Trustee of Excell Auto Group, Inc., *Plaintiff,*<br>v. AVRUMI LUBIN, *Defendant.* | Adv. Pro. No. 26-01435 (EJO) |

# MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

## I. Cause exists to extend the response deadline to February 1, 2027.

When a rule or order requires an act within a set time, the Court may extend the time "for cause" on a motion made before the period expires; after it expires, the movant must show excusable neglect. Fed. R. Bankr. P. 9006(b)(1). Rule 7012 sets the time to answer. Lubin's original motion (ECF No. 3) was filed before the October 22, 2026 answer date, and this supplemental motion is filed while ECF No. 3 is pending and before November 23, 2026. Lubin discloses the plaintiff's position: she did not object to November 23 but has not agreed to any later date. Lubin Cert. ¶ 3; Ex. E-1.

The added time is tied to identifiable work. *First*, the plaintiff's own Florida post-trial briefing, on transactions her complaint here also describes, runs on a schedule she requested: her brief by January 4, 2027, Lubin's response by February 1, 2027, and her reply by March 1, 2027. Lubin Cert. ¶ 5; Ex. E-3 ¶ 2. A February 1 response date lets Lubin answer with the benefit of her brief and helps avoid inconsistent positions. *Second*, Lubin must distinguish his personal defenses from potential affirmative claims that may belong to his estate or to a company, under this Court's October 23, 2026 order, and obtain a prosecution decision or directions. Lubin Cert. ¶¶ 6–7; Ex. E-2. *Third*, any affirmative claim against the plaintiff or her professionals may require her appointing court's permission. Lubin Cert. ¶ 8. *Fourth*, Lubin represents himself and is seeking counsel. Id. ¶ 9.

The plaintiff's interest in prompt resolution weighs against delay, and the Court may set a shorter period or the alternative date requested. But the requested period is short and fixed, and

the plaintiff's own Florida brief is not due until January 4, 2027. Her complaint here describes her Florida proceeding against Lubin, where post-trial briefing on these transactions continues. Excell Compl. ¶¶ 6, 59; Ex. E-3. An individual Chapter 11 debtor ordinarily receives a discharge after completing plan payments, subject to statutory exceptions. 11 U.S.C. § 1141(d)(2), (5). This motion seeks no discharge and no change to the plaintiff's rights under 11 U.S.C. §§ 523 and 727.

## II. The counterclaim rules require claim-specific treatment.

Civil Rule 13(a), applied by Bankruptcy Rule 7013, addresses claims the pleader has against an opposing party when the pleading is served. Rule 7013 contains an exception: a party sued by a trustee need not state as a counterclaim a claim against the debtor, the debtor's property or the estate, unless the claim arose after the order for relief. That exception does not reach every affirmative claim against a trustee personally or against her professionals. Its application turns on the owner of the claim, its timing, the opposing party and the relief sought. That is the work the requested time is for.

If the Court requires an earlier answer, a later amendment remains governed by Rule 15 and any scheduling order. A motion for leave to amend in this district must attach the proposed amended pleading and a redline. D.N.J. LBR 7015-1(a). The alternative relief requested—February 1, 2027 as the deadline to move for leave to assert any counterclaim—sets a date for that application. It is not permission in advance to file unidentified counts or to add unnamed parties, and it does not guarantee relation back or tolling.

## III. Permission from the plaintiff's appointing court is a separate question.

Under *Barton v. Barbour*, 104 U.S. 126, 128 (1881), "before suit is brought against a receiver leave of the court by which he was appointed must be obtained." The Third Circuit applies that rule to bankruptcy trustees: "leave of the bankruptcy court is required before instituting" an action in another forum against a trustee for acts done in the trustee's official capacity. *In re VistaCare Grp., LLC*, 678 F.3d 218, 224 (3d Cir. 2012). Courts have applied it to a trustee's court-approved counsel who help the trustee carry out official duties. *Lawrence v. Goldberg*, 573 F.3d 1265, 1269–70 (11th Cir. 2009). Whether the rule reaches a given proposed defendant and act must be examined claim by claim. Any required application concerning the plaintiff belongs in her appointing case, *In re Excell Auto Group, Inc.*, No. 22-12790-EPK (Bankr. S.D. Fla.). An extension in this Court cannot grant that permission or resolve any related stay, standing or representation question. Nor does the fact that the plaintiff filed this action here necessarily settle whether a counterclaim for affirmative relief against her requires leave. This motion does not ask the Court to decide those questions now.

## IV. The interim deadline.

In a Chapter 11 case, "[u]nless otherwise provided in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or court order, if a motion to extend the time to take any action is filed before the expiration of the period prescribed by . . . a confirmed plan or court order, the time is automatically extended until the court rules on the motion, without the necessity of a bridge order." D.N.J. LBR 9013-6(a). If the motion is denied, the act must be completed by 5:00 p.m. on the third business day after entry of the order. D.N.J. LBR 9013-6(b). Lubin does not claim that a later motion overrides a specific contrary ruling. He asks the Court, when it decides ECF No. 3, to state the response deadline that applies while this supplemental motion is pending, so that the parties have one clear date.

## CONCLUSION

The Court should extend Lubin's time to answer or otherwise respond to the complaint through February 1, 2027, independently of the companion stay request, or grant the alternative relief, and should state the response deadline that applies while this motion is pending.

---

**Certification regarding generative artificial intelligence.** I used generative artificial-intelligence tools to help prepare this memorandum, including to check its citations and quotations against the original sources. I have read this memorandum before signing it.

Dated: November 11, 2026

Respectfully submitted,

Avrumi Lubin, individually and pro se
605 West 42nd Street, New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com