**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Avrumi Lubin, pro se<br>Defendant, individually<br>605 West 42nd Street<br>New York, New York 10036<br>(718) 570-3796<br>josh@tetonfunding.com | Case No.: 26-17342 (EJO)<br>Chapter: 11<br>Adv. Pro. Nos.: 26-01315 (EJO), 26-01339 (EJO) and 26-01435 (EJO)<br>Hearing Date: December 3, 2026, at 10:00 a.m.<br>Judge: Hon. Eamonn J. O'Hagan |
| In re:<br>AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor. | |
| FVP SERVICING, LLC; FVP OPPORTUNITY FUND III, LP; and FVP INVESTMENTS LLC, *Plaintiffs*,<br>v. AVRUMI LUBIN, *Defendant.* | Adv. Pro. No. 26-01315 (EJO) |
| FRANKLIN CAPITAL GROUP, LLC and FRANKLIN CAPITAL FUNDING, LLC, *Plaintiffs*,<br>v. AVRUMI LUBIN, *Defendant.* | Adv. Pro. No. 26-01339 (EJO) |
| NICOLE TESTA MEHDIPOUR, as Chapter 7 Trustee of Excell Auto Group, Inc., *Plaintiff*,<br>v. AVRUMI LUBIN, *Defendant.* | Adv. Pro. No. 26-01435 (EJO) |

# CERTIFICATION OF AVRUMI LUBIN IN SUPPORT OF MOTION FOR A FINITE STAY OF MERITS PROCEEDINGS AND COORDINATED PLEADING DATES

I, Avrumi Lubin, certify as follows:

1. I am the debtor in Chapter 11 Case No. 26-17342 and the defendant in these three adversary proceedings. I seek case-management relief for my own defense. I do not appear as attorney for Spin Capital, LLC or any other company. I make this certification from personal knowledge and from the records cited below.

2. Where the three proceedings stand: I filed my answers in Adv. No. 26-01339 on October 27, 2026 and in Adv. No. 26-01315 on October 29, 2026 (ECF No. 14 in each). On November 9, 2026, I moved for more time to amend those answers (Adv. No. 26-01315, ECF No. 16; Adv. No. 26-01339, ECF No. 15). In Adv. No. 26-01315, the November 10, 2026 order (ECF No. 19) is docketed as an order denying my application to shorten time, and the docket entry lists a hearing on December 3, 2026; the signed form order, however, identifies the extension motion and states that "the aforesaid motion or application is denied." I ask the Court to confirm whether my extension motions in both

proceedings remain pending and which amendment dates apply. In Adv. No. 26-01435, my motion to extend my response time through November 23, 2026 (ECF No. 3) was set for hearing on November 12, 2026, and I am filing with this motion a supplemental motion asking for February 1, 2027. Pretrial conferences in all three proceedings are set for December 3, 2026. I have not assumed that filing another motion cancels a hearing or changes a deadline set by an order.

3. Exhibit S-1 is a text export of my November 9, 2026 email to the Chapter 11 Trustee and his counsel, copied to the Office of the United States Trustee. It identifies issues concerning the November 2021 Franklin–Spin assignment and its payment condition; the January 28, 2022 Spin–Hi Bar Common Interest and Joint Litigation Agreement and the March 17, 2025 assignment instrument; FVP's May 15, 2026 charging-order lien; the Excell Trustee's asserted rights under the Franklin–Spin assignment; and other potential claims arising from the transactions underlying these three complaints. It asks who owns each potential claim, whether and how it will be pursued, and what authorization or protection is needed. I asked for a response by noon on November 13, 2026. That was the date I requested; it is not a court deadline.

4. Exhibit S-2 is this Court's October 23, 2026 order in Adv. No. 26-01494 (ECF No. 21). On page 5 it enjoins me "from taking actions in the name of the Subject Entities" and confirms "that the Trustee has the sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding the Subject Entities," subject to the proviso stated there. I dispute the scope and effect that some parties assert for that order. For present purposes, I am not ignoring it, and I do not claim that defending myself permits me to prosecute a company's claim.

5. My November 9, 2026 papers in Adv. No. 26-01494 raise authority, preservation, accounting and fiduciary issues. They are allegations and pending requests, not findings. If evaluating a claim that concerns the Trustee or his professionals presents a conflict, an independent decision-maker or counsel may be needed. I am not asking this motion to decide those issues or to remove anyone.

6. Exhibit S-3 is the October 8, 2026 order in the Excell Trustee's Florida adversary proceeding against me, *Mehdipour v. Hi Bar Capital, LLC*, Adv. No. 23-01132-EPK (Bankr. S.D. Fla.), ECF No. 500, entered on her motion. It requires her replacement post-trial brief by January 4, 2027, my response brief by February 1, 2027, and her reply by March 1, 2027. (Ex. S-3 ¶ 2.) Her complaint in Adv. No. 26-01435 describes that Florida proceeding. (ECF No. 1 ¶¶ 6, 59.)

7. Before these cases advance to merits discovery and dispositive motions, I need to separate my personal defenses from potential claims that may belong to my estate or to a company,

identify the supporting records and remedies, obtain the Trustee's position or ask the Court for directions, and determine what permission is required before any claim could be asserted against the Excell Trustee or her professionals. These questions concern the same assignment, agreements, liens and recoveries described in the three complaints.

8. I propose a fixed end date, not a stay until every dispute or appeal ends. By December 17, 2026, I would report the Trustee's response and the claim-ownership and authority questions that remain. By January 7, 2027, I would report what applications have been filed, what remains unresolved, and the next steps. If work remains incomplete, I would have to ask for further relief; I would not assume that the stay continues.

9. I recognize that the plaintiffs want prompt resolution. I propose that initial disclosures, preservation of evidence and the scheduled conferences continue during the stay, and that any party may ask the Court for relief from the stay for an identified prejudice.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on November 11, 2026.

______________________________

Avrumi Lubin, individually and pro se
605 West 42nd Street, New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com

**Exhibits to this Certification**

| Exhibit | Description | Pages |
|---|---|---|
| S-1 | Email from Avrumi Lubin to the Chapter 11 Trustee and his counsel, copied to the Office of the United States Trustee, November 9, 2026 (text export, top message only) | 2 |
| S-2 | Order Granting Preliminary Injunction and Providing for Further Proceedings, Adv. No. 26-01494, ECF No. 21 (Oct. 23, 2026) | 6 |
| S-3 | Order Granting Expedited Motion to Extend Time Under Order Requiring Replacement Post-Trial Briefs, *Mehdipour v. Hi Bar Capital, LLC*, Adv. No. 23-01132-EPK (Bankr. S.D. Fla.), ECF No. 500 (entered Oct. 8, 2026) | 3 |

**EXHIBIT S-1**

Email from Avrumi Lubin, November 9, 2026, 2:11 PM

Lubin Certification - Motion for Finite Stay (Adv. Nos. 26-01315, 26-01339, 26-01435)

*Text export of the original messages in Avrumi Lubin's email account (josh@tetonfunding.com). Each message is the top message only, reproduced as sent. Earlier quoted messages, signature graphics, confidentiality notices and blind-copy recipients are omitted. Times are Eastern.*

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 9, 2026, 2:11 PM
**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; rachel.wolf@usdoj.gov; kirsten.k.ardelean@usdoj.gov; heidi.a.feinman@usdoj.gov
**Subject:** Action requested by November 13 — preservation and prosecution of Franklin/FVP/Excell claims

Ben, Pat and Matt,

I request a claim-specific written decision concerning potential claims and disputed rights involving Franklin, FVP and the Excell Auto estate and its Trustee, including:

1. The effectiveness and scope of the November 2021 Franklin–Spin assignment, including its payment condition and the rights it describes.
2. Competing claims concerning the January 28, 2022 Spin–Hi Bar Common Interest and Joint Litigation Agreement, the March 17, 2025 assignment instrument, and related recoveries.
3. FVP's May 15, 2026 charging-order lien, including whether any avoidance or other estate remedy should be pursued.
4. The Excell Auto Trustee's asserted third-party-beneficiary position under the Franklin–Spin assignment and her asserted rights concerning the third Spin contract. Please identify precisely what rights she claims and the documents or rulings supporting that position, distinguishing claimed ownership from beneficiary or enforcement rights. Please evaluate the available defenses and any potential affirmative claims arising from that position.
5. Other potential claims arising from the transactions and conduct underlying the Franklin, FVP and Excell adversary complaints.

For each potential claim, please identify who you contend owns it and whether the Trustee will pursue it, through which counsel, in which proceeding, and on what timetable.

For any claim you contend belongs to my bankruptcy estate, please state whether you will:

- Prosecute it through the appropriate procedure;
- Consent to and support a court-approved arrangement allowing a properly authorized representative, through counsel, to prosecute it for the estate's benefit; or
- Decline, identifying the claim-specific, nonprivileged reasons and the proposed means of preventing its loss.

If you contend a claim belongs to Spin or another entity, please identify how company counsel can pursue it and whether you will support any necessary clarification or modification of the October orders. If a conflict prevents the Trustee or existing counsel from evaluating or pursuing a claim, please identify the proposed independent-counsel arrangement.

For any proposed affirmative claim against the Excell Auto Trustee, please separately evaluate whether permission from her appointing Florida bankruptcy court, stay relief, or other authorization is required. Please identify who would seek that relief and what protective measures are needed while authorization is pursued. This is separate from my right to defend against her complaint.

My current amendment-as-of-course periods end November 17 in the Franklin adversary, No. 26-01339, and November 19 in the FVP adversary, No. 26-01315. I am preparing extension requests, but additional amendment time would not itself resolve prosecution authority or every claim-preservation issue. Please also identify any necessary protective action in the Excell adversary, No. 26-01435.

Please respond by **noon Eastern on Friday, November 13**. Identify any earlier deadline or required protective action immediately. If additional investigation is needed, identify the remaining work, a definite decision date, and the interim protections. If these issues remain unresolved, I intend to seek appropriate court directions and authorization.

I write individually. This is not a request for permission to defend myself. Nothing here concedes claim ownership, alter-ego status, the effectiveness or scope of any assignment, or your interpretation of the October 15 or October 23 orders. Nor does this email constitute consent to any settlement, release, or transfer. I reserve my rights and objections without assuming that this email extends any deadline.

Josh Lubin

Debtor: AVRUMI LUBIN a/k/a JOSH LUBIN
Case No.: 26-17342-EJO
Adv. Pro.: 26-01494-EJO
Caption: **ORDER GRANTING PRELIMINARY INJUNCTION AND PROVIDING FOR FURTHER PROCEEDINGS**

Upon consideration of this matter presented to the Court by way of Verified Complaint ("the Verified Complaint") [ECF No. 1] to extend the captioned Chapter 11 case to the following entities for which the Debtor owns either a 100% interest, or a 50% controlling interest[1]:

(1) SPIN CAPITAL, LLC ("Spin"),
(2) TETON LIFE, LLC ("Teton Life"),
(3) TETON FUNDING, LLC ("Teton Funding"),
(4) TETON FUNDING GROUP, LLC ("Teton Funding Group"), and,
(5) JL SPECIAL INVESTMENTS, LLC ("JL"),

(Collectively, the "Subject Entities," and collectively with the Debtor, the "Defendants"), filed by Patricia A. Staiano, Esquire, of Hellring Lindeman Goldstein & Segal, LLP, on behalf of Benjamin A. Stanziale, Jr., as Chapter 11 Trustee (the "Trustee") for Debtor, Avrumi Lubin a/k/a Josh Lubin (the "Debtor") together with a Request for the Entry of an Order to Show Cause for Preliminary Restraints [ECF No. 3], as supported by the Certification of Benjamin Stanziale [ECF No. 3-1];

And, the Court having entered an Order to Show Cause and for Temporary Relief [ECF No. 5] on October 15, 2026 (the "Order to Show Cause"), granting preliminary restraints for good cause shown and scheduling an emergent hearing on the Trustee's requests for a preliminary injunction and to schedule a final hearing on the merits of the Verified Complaint for October 22, 2026;

[1] The Debtor owns a 50% interest in Teton Life, LLC with contractual rights to manage the company subject to consultation with the co-owner. All other Subject Entities are 100% owned by the Debtor.

And, the Court having considered the responsive materials filed thereto by the Debtor, acting *pro se* [ECF Nos. 9 - 12][2], and by Patrick T. Krenicky, Esquire, on behalf of Gavriel Yitzchacov, who owns a 50% share of Defendant, Teton Life, LLC [ECF No. 14];

And, the Court having considered the reply, supplemental certification in support, and letter brief filed by Trustee [ECF Nos. 18, 19];

And, the Court having considered the affidavits and arguments of all parties presented on the record within the emergency hearing conducted on October 22, 2026;

And, the Court having made specific factual findings as set forth on the record with respect to the need for preliminary injunctive relief to stay the metaphorical "tidal wave" of litigation pending against the Debtor and the Subject Entities throughout the country to protect the Debtor's estate pending further investigation and administration; including, but not limited to:

A. That the Trustee's preliminary investigation has revealed that there exists ongoing litigation in numerous jurisdictions in various stages, in NJ, NY, Michigan, Texas, Tennessee and Florida, in which the Debtor and/or the subject entities are parties. [Stanziale Reply Cert., ECF No. 18, Para 4.]

B. That the Trustee is given wide latitude and deference in its investigation into the Debtor's estate and the exercise of the Trustee's business judgment to safeguard and/or maximize the Debtor's estate for the benefit of the creditor body. As a part of that investigation, the

[2] The Court also denied the Debtor's two requests for an adjournment of the emergency hearing [ECF Nos. 7, 8] and his request to dissolve restraints communicated within ECF No. 12.

Trustee must decide which entities and actions are valuable to the estate and how to most effectively protect those assets.

C. That the trustee has established a reasonable likelihood of success in extending the automatic stay as to the Subject Entities for the duration of these chapter 11 proceedings by establishing the requisite "unusual circumstances" under McCartney v. Integra Nat'l Bank North, 106 F.3d 506, 510 (3d Cir. 1997).

D. That irreparable harm my result should the litigation impacting the Subject Entities progress without the Trustee's participation and/or yield unfavorable outcomes during this early state of the Trustee's investigation.

E. That irreparable harm is likely to result if the Debtor is permitted control and use those entities to move and/or dispose of assets that are currently beyond the Trustee's reach; and

F. That the overall balance of the harms weighs heavily in favor of the Trustee where the preliminary stay will protect the Debtor's estate and the subject entities from adverse rulings or collection activity during the Trustee's investigation.

It is **HEREBY ORDERED AS TO TETON LIFE, LLC, ONLY** that:

1. The consideration of the Trustee's Verified Complaint and Order to Show Cause as they relate to Teton Life, LLC, are hereby bifurcated from the remaining requests for relief.

2. A further hearing on the Verified Complaint and Order to Show Cause as to Teton Life, LLC, only, is scheduled for November 10, 2026, at 1:00 p.m.

3. Pending further order of the Court, the preliminary restraints set forth in the Order to Show Cause shall continue to apply to Teton Life, LLC, as agreed to on the record by counsel to the Trustee and counsel to Teton Life, LLC.
4. All rights, remedies, and defenses as to Teton Life, LLC, are hereby preserved.

It is **HEREBY FURTHER ORDERED AS TO THE SUBJECT ENTITIES OTHER THAN TETON LIFE, LLC,** that for good cause shown, and pending further order of this Court, the following relief is **GRANTED** as follows:

1. Any litigation or enforcement of judgments against the Subject Entities is **STAYED**;
2. The Debtor, and all persons and entities acting in concert with him, are **ENJOINED** from taking actions in the name of the Subject Entities or to collect judgments in favor of the Subject Entities, and it is further **CONFIRMED** that the Trustee has the sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding the Subject Entities, provided, however, that the Debtor shall retain the right to engage representation for himself and the Subject Entities in the current adversary proceeding.
3. Defendants and any person or entity acting in concert with them are **ENJOINED** from transferring or disposing of assets of the Subject Entities.
4. Defendants are **DIRECTED AND ENJOINED** from refusing to turnover the books and records of the Debtor and the Subject Entities to the Trustee or his professionals whose retention is approved by the Court.

5. The Defendants shall file responsive pleadings to the Complaint and Order to Show Cause no later than November 9, 2026.

6. A further hearing on the continuation of the preliminary injunctive relief granted herein will be conducted on **December 17, 2026, at 2:00 p.m.**

7. A pretrial hearing to consider scheduling of a final hearing on the merits will be conducted on **December 17, 2026, at 2:00 p.m.**

8. The Debtor's oral motion for a stay pending appeal is hereby **DENIED**.

# EXHIBIT S-3

Order Granting Expedited Motion to Extend Time Under Order Requiring Replacement Post-Trial Briefs, *Mehdipour v. Hi Bar Capital, LLC,* Adv. No. 23-01132-EPK (Bankr. S.D. Fla.), ECF No. 500 (3 pages)

*to the Certification of Avrumi Lubin in Support of Motion for a Finite Stay*

**ORDERED in the Southern District of Florida on October 7, 2026.**

**Erik P. Kimball**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC. — Case No.: 22-12790-EPK, Chapter 7

Debtor.
_________________________________/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

Plaintiff,

v. — Adv. Pro. No. 23-01132-EPK

HI BAR CAPITAL, LLC, *et al.*,

Defendant(s).
_________________________________/

**ORDER GRANTING EXPEDITED MOTION TO EXTEND TIME UNDER ORDER REQUIRING REPLACEMENT POST-TRIAL BRIEFS**

THIS PROCEEDING came before the Court without a hearing upon the *Expedited Motion to Extend Time Under Order Requiring Replacement Post-Trial Briefs* [Dkt. No. 499],

Case 23-01132-EPK Doc 500 Filed 10/08/26 Page 2 of 3

filed by the Plaintiff, Nicole Testa Mehdipour, Chapter 7 Trustee for Excell Auto Group, Inc. The Court has reviewed the Motion and the record in this proceeding and is otherwise fully advised. Accordingly, it is

**ORDERED that:**

1. The Motion is **GRANTED**.

2. The briefing deadlines in the *Order Requiring Replacement Post-Trial Briefs* [Dkt. No. 496] are modified as follows:

   a. Not later than January 4, 2027, the plaintiff must file a replacement post-trial primary brief not to exceed 200 pages in length excluding only the certificate of service.

   b. Not later than January 4, 2027, Franklin Capital Funding, LLC and Franklin Capital Group, LLC (together) may file a replacement post-trial primary brief not to exceed 20 pages in length excluding only the certificate of service. Because the plaintiff no longer seeks any relief against Franklin, the Court's ruling in this case will not be binding on Franklin in any regard and Franklin need not submit a brief.

   c. Not later than February 1, 2027, each of (i) Hi Bar Capital, LLC, Yisroel Herbst, and Mordechai Harbst (together); (ii) Spin Capital, LLC; and (iii) Avrumi Lubin, must file a replacement post-trial response brief not to exceed 100 pages in length excluding only the certificate of service.

   d. Not later than March 1, 2027, the plaintiff must and Franklin may file a post-trial reply brief not to exceed 25 pages in length excluding only the certificate of service.

3. Other than the modifications to the deadlines set forth above, the *Order Requiring Replacement Post-Trial Briefs* [Dkt. No. 496] remains in full force and effect and is incorporated by reference as though set forth herein.

###

**Submitted by:**
Jason S. Rigoli, Esq.
GRAY ROBINSON, P.A.
*Special Counsel for Chapter 7 Trustee*
2255 Glades Road, Suite 301E
Boca Raton, FL 33431
Tel: (561) 368-3808/ Fax: (561) 368-4008
Jason.Rigoli@gray-robinson.com

*Jason S. Rigoli is directed to serve copies of this order on all interested parties and file a certificate of service with the Court*